```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
NAZARENO LARIOS, on behalf of himself and others similarly situated,

                         Plaintiff,

      -against-

TAMPOPO LLC d/b/a TAMPOPO RAMEN, JOSHUA FRANK, and NANAE MAMEUDA-FRANK,

                         Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/13/2020___
```

19 Civ. 10561 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      WHEREAS the Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case, ECF No. 19, it is hereby ORDERED:

      This action shall not be dismissed with prejudice unless the settlement agreement has been approved by the Court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Accordingly, to the extent the parties seek dismissal with prejudice, they must either file a joint letter motion requesting that the Court approve the settlement agreement or, alternatively, provide documentation of the approval by DOL. Any letter motion, along with the settlement agreement, must be filed on the public docket by **April 13, 2020**. The letter motion must explain why the proposed settlement is fair and reasonable and should discuss, at a minimum, the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement plaintiff's attorney shall be seeking as fees. *See Cheeks*, 796 F.3d at 202, 207. Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form. *See id.* at 201, 206. In addition, absent compelling circumstances, the Court will not approve settlement agreements containing sweeping non-disclosure provisions, *see id.* at 205-06; *Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015), or broad releases waiving claims having no relation to FLSA issues, *see Flood*, 2015 WL 4111668, at *2.

Any request for attorneys' fees must be accompanied by supporting documentation. "In this circuit, a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (quoting *Wolinsky*, 900 F. Supp. 2d at 336)).

The Second Circuit has left open for future decision whether a FLSA case may be settled without Court or DOL approval and dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). *See Cheeks*, 796 F.3d at 201 n.2 ("[W]e leave for another day the question of whether parties may settle [FLSA] cases without court approval . . . by entering into a Rule 41(a)(1)(A) stipulation without prejudice."). However, the Court is persuaded by the growing number of opinions in this district that Rule 41 does not provide a mechanism for the parties to avoid judicial review of a settlement of claims with prejudice under the FLSA. *See, e.g.*, *Mei Xing Yu v. Hasaki Rest., Inc.*, 319 F.R.D. 111 (S.D.N.Y. 2017); *Seck v. Dipna Rx, Inc.*,

No. 16 Civ. 7262, 2017 WL 1906887, at *2 (S.D.N.Y. May 8, 2017).  If the parties wish to proceed without Court or DOL approval, they must submit a stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).  Any such stipulation must be filed on the public docket by **April 13, 2020**, and must be accompanied by an affirmation from Plaintiff's counsel (1) stating that Plaintiff has been advised that the settlement of this case does not preclude him from filing another lawsuit against the same Defendants and (2) affirming that the settlement agreement does not contain a release of Defendants.  *See, e.g.*, *Elfenbein v. Gulf & W. Indus., Inc.*, 590 F.2d 445, 449 (2d Cir. 1978) (per curiam) ("[A] dismissal without prejudice permits a new action (assuming the statute of limitations has not run) without regard to *res judicata* principles." (quoting *Rinieri v. News Syndicate Co.*, 395 F.2d 818, 821 (2d Cir. 1967)).  The parties are warned that this option runs the risk that the case may be reopened in the future.

The conference scheduled for March 17, 2020, is ADJOURNED *sine die*.  The Clerk of Court is directed to terminate the motion at ECF No. 19.

SO ORDERED.

Dated:  March 13, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge