# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
____
Telephone (212) 209-3933
Facsimile (212) 209-7102

April 20, 2020

**BY ECF**

Hon. Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>   Re:   *Larios v. Tampopo, LLC., et al.*
>        <u>Case No. 19-CV-10561 (OTW)</u>

Dear Judge Wang,

We are counsel to the plaintiff in the above-referenced matter, and jointly submit this letter together with defense counsel for the Court's assessment and approval of the settlement agreement ("Agreement") reached between the parties. The Agreement is being submitted contemporaneously herewith, and the parties respectfully request that the Court approve the Agreement because it represents a fair resolution of this dispute, which was negotiated at arm's length between experienced counsel.

### I.   *The Need for the Court's Approval of the Agreement*

As plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

### II.  Plaintiff's Claims for Unpaid Wages

Plaintiff is a former employee initially hired on or about February 20, 2017 to work at the defendants' restaurant in both tipped and non-tipped capacities as a food delivery worker, porter, and stock person.  Approximately two (2) months after being hired, Plaintiff was promoted to the positions of cook and server. Plaintiff contends that he worked for the defendants in those capacities until on or about October 9, 2019.

With respect to his hour and pay, Plaintiff alleges the following:

- February 20, 2017 – April 2017: 42 hours per week; $7 per hour straight time for all hours worked per week;
- May 2017 – September 2017: 48½ hours per week; $12 per hour straight time for all hours worked per week;
- October 2017 – February 2018: 48½ hours per week; $13 per hour straight time for all hours worked per week;
- March 2018 – July 2018: 48½ hours per week; $14 per hour straight time for all hours worked per week;
- August 2018 – February 2019: 54 hours per week; $15 per hour straight time for all hours worked per week;
- March 2019 – October 9, 2019: Paid properly

Defendants maintained time and payroll records in connection with plaintiff's pay, which largely substantiated plaintiff's claim as to his hours and pay.

### III.  The Agreement is Fair and Reasonable

The parties represent to the Court that the settlement between the parties is a fair and reasonable resolution reached as a result of extensive arm's length negotiations.  In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching."  *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores*, *supra*, 679 F. 2d at 1354)).

Here, this settlement was reached as a result of extensive arm's length negotiations between counsel who are well versed in the prosecution and defense of wage and hour actions.  Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement.  *See Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825, 2013 U.S. Dist. LEXIS 47637 at *9 (S.D.N.Y. Arp. 13, 2013).

As reflected in the attached Agreement, the parties have agreed to settle the case for a total of $20,000.00 to resolve all of plaintiff's wage and hour claims against the defendants, which is to be paid in two (2) equal installments of $10,000 each thirty (30) days apart, with the first payment being made on or before September 1, 2020.

Utilizing the defendants' wage and hour records, plaintiff calculated that had he prevailed at trial on *all* of his claims, he could have recovered approximately $6,200 in unpaid wages, with an equal amount in liquidated damages. Together with $10,000 in statutory damages for the defendants' alleged failure to provide wage statements, plaintiff believes he would have recovered a maximum amount of approximately $24,400. Thus, even after deducting plaintiff's counsel's fees and costs, plaintiff is receiving all of his calculated underlying unpaid wages and liquidated damages.

### IV. Application for Attorneys' Fees

"Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorneys' fees." *Babayeva v. Halstead Managing Corp.*, No. 16 Civ. 3794, 2018 U.S. Dist. LEXIS 195229, at *9 (S.D.N.Y. Nov. 15, 2018) (*quoting Andrews v. City of New York*, 118 F. Supp. 3d 630, 634-35 (S.D.N.Y. 2015)).

Pursuant to this firm's retainer agreement with plaintiff, our firm is to retain one-third the net proceeds of the settlement after costs ($560 for filing and service) are deducted. Thus, plaintiff's counsel requests a fee award of $6,479.35 in fees, plus $560 in costs, for a total fee application of $7,039.35, which is less than the firm's lodestar. (A copy of the firm's contemporaneous billing statement is attached hereto). A contingency fee is presumptively valid where 'the proposed fee is exactly one-third of the net settlement amount, which is routinely approved under the percentage method' in this District, 'particularly where it is pursuant to a previously negotiated settlement agreement.'" *Babayeva*, 2018 U.S. Dist. LEXIS 195229, at *10 (*quoting Yunjian Lin v. Grand Sichuan 74 St. Inc.*, No. 15 Civ. 2950, 2018 U.S. Dist. LEXIS 110266, at *15-16 (S.D.N.Y. July 2, 2018)). As such, the amount requested here, as one-third of the gross settlement amount (without deduction for costs) is presumptively valid and, thus, should be approved.

Even if cross-checking plaintiff's counsel's contingency fee against its lodestar, counsel's fees should be approved. The firm has spent 43.1 hours on this matter for a total of $15,800 in fees. Our firm's attorneys' rate of $400 has routinely been approved as reasonable for counsel with over twenty (20) years of experience. *See Chirix, et al. v. Lupe's East L.A. Kitchen, Inc., et al.,* No. 18 Civ. 819 (DCF) (S.D.N.Y. July 19, 2019); *Castaneda, et al. v. Natural Crop Inc., et al.*, No. 17 Civ. 4258 (PK) (E.D.N.Y. Jan. 8, 2019); *Garcia, et al. v. Good For Life by 81 Inc., et al.*, No. 17 Civ. 7228 (BCM) (S.D.N.Y. July 12, 2018); *Rescalvo v. BTB Events & Celebrations Inc.*, No. 16 Civ. 7647 (PAE) (S.D.N.Y. Jan. 24, 2018); *Gonzalez, et al. v. Crosstown Diner Corp., et al.;* No. 16 Civ. 2544 (BCM) (S.D.N.Y. 2017); *Sierra v. Skyline Gourmet Deli*, No. 15 Civ. 3319 (SN) (S.D.N.Y. 2016); *Romero v. Lu Woodside Mini Mall, Inc.*, No. 15 Civ. 5030 (PK) (E.D.N.Y. 2016); *Catalan, et al. v. H&H Kim Corp., et al.*, No. 15 Civ. 7443 (DCF) (S.D.N.Y. 2016).

For all of the reasons set forth above, the parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted

simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

    We thank the Court for its continued attention to this matter.

    Respectfully submitted,

    /s/

    Justin Cilenti


cc: Michael K. Chong, Esq. (by ECF)