UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NAZARENO LARIOS,            :
                            :
                 Plaintiff, :     19-CV-10561 (OTW)
                            :
        -against-           :     **OPINION & ORDER**
                            :
TAMPOPO LLC d/b/a/ TAMPOPO RAMEN, et :
al.,                        :
                            :
                 Defendants.:
                            :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff brings this action against Tampopo LLC, Joshua Frank, and Nanae Mameuda-Frank (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff alleged failure to pay overtime at the statutory rate, unpaid overtime, unpaid wages, failure to pay minimum wages, unpaid "spread of hours" premiums, violation of notice and record keeping requirements, and failure to provide wage statements. (ECF 1). Plaintiff and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 23). For the reasons below, the Court **APPROVES** the request to approve the settlement agreement.

**I.    Background**[1]

Defendants hired Plaintiff to work as a food delivery worker, porter, and stock person in

---

[1] The following facts are as alleged in Plaintiff's complaint. (*See* ECF 1).

1

February 2017. (ECF 1 ¶ 12). The complaint alleges he worked six days per week and more than 40 hours per week while working for Defendants. (*Id*. ¶¶ 22, 26-27). From February 2017 to April 2017, more than 20% of his shift was spent doing non-tipped work and he was paid $7 per hour for all hours worked. (*Id*. ¶¶ 28-29). In May 2017, Plaintiff was promoted to a cook/server. (*Id*. ¶ 30). During this period, he continued to work six days and more than 40 hours per week, and was paid $12 per hour for all hours worked. (*Id*. ¶ 30). From October 2017 to February 2018, Plaintiff was paid $13 per hour for all hours worked. (*Id*. ¶ 32). From March 2018 to July 2018, Plaintiff was paid $14 per hour for all hours worked. (*Id*. ¶ 33). From August 2018 to February 2019, Plaintiff was paid $15 per hour for all hours worked. (*Id*. ¶34). Beginning in March 2019, Plaintiff was paid $16.50 per hour for all hours worked. (*Id*. ¶¶ 36-37).

Plaintiff did not receive overtime pay and was paid in cash. (*See id.* ¶¶ 23-38). He did not receive tips after being promoted in May 2017. (*Id*. ¶ 40). He was required to punch in and out, but did not received wage statements, and Defendants did not maintain accurate time and pay records. (*Id*. ¶¶ 39-45).

Plaintiff filed his complaint on November 14, 2019. (ECF 1). Although the complaint indicated that Plaintiff intended to convert the matter to a collective action, the parties reached their settlement before the filing of any conditional certification motion.

## II.   Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals

settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Range of Recovery

Plaintiff alleges a recovery against Defendants under FLSA and NYLL to be approximately $20,400 ($6,200 in unpaid wages, $10,000 in statutory damages, and $6,200 in liquidated damages).[2] (ECF 26 at 3). The proposed settlement amount is $20,000. (*Id*. at 2). Of the total settlement amount, Plaintiff would receive $12,960.65 and Plaintiff's counsel would then take $7,039.35 in fees and costs. (*Id*. at 3-4). The Plaintiffs' settlement amount thus represents approximately 58% of Plaintiff's alleged damages.[3] Given the risks of litigation as noted below, the Court finds this amount reasonable.

---

[2] Plaintiff stated his maximum recovery would have been $24,400, but the damages in the parties' letter add up to only $22,400. (*See* ECF 26 at 3). The Court assumes this was a math error.

[3] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. See, e.g., *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

b.  **Burden and Risks of Litigation**

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (*See generally* ECF 1, ECF 12; *see also* ECF 26-1 at 5).

c.  **Arm's Length Negotiation**

The parties represent that the settlement was a product of extensive negotiations, including the use of a mediator through the court-annexed mediation program, and there is no evidence to the contrary. (ECF 26).

d.  **Risk of Fraud or Collusion**

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

e.  **Additional Factors**

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA

settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The attorneys' fees and costs award of $7,039.35 is reasonable and represents approximately 35% of the total award. This number is comprised of $560 for expenses and one-third of the total settlement. (ECF 26 at 3). This is consistent with fees upheld by courts in this District. *See Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). Moreover, the fees award is less than Plaintiff's counsel's stated lodestar, which is supported by billing records attached to the proposed settlement.

### III.    Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable.

**SO ORDERED.**

Dated: April 22, 2020  
New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge